**Norman W. BRAUNSTEIN, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary, Department of Health and Human Services, Defendant.**

**Civ. A. No. 80–706.**

United States District Court, District of Columbia.

Oct. 10, 1980.

Michael R. Schuster, Legal Counsel for the Elderly, Washington, D. C., for plaintiff.

Cheryl M. Long, Asst. U.S. Atty.

## MEMORANDUM OPINION

FLANNERY, District Judge.

Plaintiff brings this action for reversal of a determination by the Secretary of Health and Human Services denying plaintiff husband's Social Security Insurance benefits on the ground his application was filed after December 1, 1977 and therefore any benefits are subject to an offset provision. The matter is presently before the court on plaintiff's motion for reversal and defendant's motion for summary judgment.

In July, 1977, plaintiff went to a Social Security district office in Washington, D. C., with the intention of filing for husband's benefits. He told the claims representative he had heard of a recent Supreme Court decision concerning husband's benefits and would like to file a claim for such benefits. The claims representative told him he was ineligible for the benefits because his wife was alive, but he could obtain Medicare coverage on his own account depending on his earnings record. The claims representative gave him a postcard to fill out requesting a statement of his earnings record from the Social Security Administration. He completed the card and mailed it; it was postmarked July 21, 1977. However, as a result of the claims representative's statements, plaintiff did not make a formal, written application for husband's benefits.

Plaintiff returned to the local Social Security office on December 27, 1977 and recounted his earlier efforts to apply for husband's benefits. A different claims representative acknowledged that the original information he had been given was in error and that he had been eligible for the benefits in July. She assisted plaintiff in setting forth the details of his July visit to the Social Security office in a "Statement of Claimant". This statement was attached to plaintiff's formal application for husband's benefits.

On May 9, 1978, plaintiff was awarded husband's benefits retroactive to March, 1977, the date of the Supreme Court's decision in *Califano v. Jablon*, 430 U.S. 924, 97 S.Ct. 1539, 57 L.Ed.2d 768 (1977), which held that a husband need not prove actual dependency to qualify for benefits on his spouse's wage account.

Meanwhile, on December 20, 1977, the Social Security Amendments of 1977, P.L. No. 95–216, 42 U.S.C. § 402(c)(2), were enacted. The amendments provide that a spouse's Social Security benefits are to be reduced dollar for dollar by the full amount of the government pension to which the spouse is entitled. This provision was made effective for applications filed on or after December 1, 1977.

On September 7, 1978, the Social Security Administration determined that Mr. Braunstein was not entitled to husband's benefits after December 1, 1977 because of the offset provision. Following a hearing and an appeal to the Appeals Council, the Secretary of Health and Human Services decided that plaintiff applied for husband's benefits on December 27, 1977, that the pension offset provision precluded payment of any benefits after December 1, 1977, and that the agency could not be estopped by the unauthorized acts of the employee with whom plaintiff spoke in July, 1977.

Plaintiff contends that his written application of December 27, 1977 should be deemed to have been filed in July, 1977, and that if it were deemed filed in July, 1977, the offset provision would not apply to him. The Secretary states that an application for husband's benefits is a necessary requirement for benefits, and that a written statement filed by an applicant indicating an intent to file for husband's benefits is deemed an application. 20 C.F.R. 404.-601(d). Contending that plaintiff never submitted a written intention to file prior to December 27, 1977, defendant says that December 27 must be considered the date of application.

Under the facts presented in this case, it is appropriate to estop the government

from insisting on compliance with a strictly procedural requirement when the Social Security office misinformed the plaintiff about the eligibility for benefits and did not encourage him to file a written application. In applying the doctrine of estoppel, the court relies principally on the recent case of *Hansen v. Harris*, 619 F.2d 942 (2d Cir. 1980). *But see Leimbach v. Califano*, 596 F.2d 300 (8th Cir. 1979); *Cheers v. Secretary of H.E.W.*, 610 F.2d 463 (7th Cir. 1979).

In *Hansen* the claimant orally inquired about her eligibility for surviving mother's benefits. She was erroneously told by a Social Security worker that she did not qualify for benefits since she was divorced. Relying on this information, she did not apply for surviving divorced mother's benefits until nearly a year later. The Secretary found that she could not receive full retroactive benefits because she had not originally filed a written application.

The Second Circuit found that although the Social Security worker did not refuse to allow plaintiff to file a written application, his conduct deterred her from doing so, contrary to the policy set out in the Social Security Claims Manual, ¶ 2003. 619 F.2d at 948. It held that claimant justifiably relied on the government's conduct, and that the government is estopped from insisting on compliance with a purely procedural requirement such as the requirement that the application be in writing when an internal procedural manual or guide supports an inference of misconduct by a government employee. 619 F.2d at 949.

The present case closely parallels *Hansen*. Plaintiff was misinformed about his eligibility by the claims representative he spoke with in July, and there is no dispute that in July he met the substantive requirements for benefits. Just as in *Hansen*, the failure of the claims representative to encourage him to file a written application runs counter to the Social Security Claims Manual,

¶ 2003, which advises claims officials: "Do not deter an individual from filing solely on the basis that he is not eligible ..." Moreover, in this case plaintiff filed a written request for a statement of his earnings on July 21, 1977, indicating his intention to apply for benefits at that time, and he pursued his claim more promptly than did the plaintiff in *Hansen*.

Judge Smith of this court recently followed *Hansen* in *Golua v. Harris*, 79–3192 (D.D.C. May 29, 1980), *appeal withdrawn* October 10, 1980. In that case the Social Security Administration incorrectly determined that plaintiff was not eligible for benefits and failed to notify him to file a written application. Plaintiff made a formal application for benefits when the error was discovered, but his application was denied as untimely because it was filed after his 65th birthday. Finding that both criteria set forth in *Hansen* were met, the court applied the doctrine of estoppel against the government.

An additional factor to consider in this case is that not only was plaintiff misled by a claims representative in July, 1977, but the representative was acting in accordance with the Secretary's regulations governing husband's benefits which were in effect at that time. *See* 20 C.F.R. 404.316 (1977). The Secretary did not change the regulations governing husband's benefits to reflect the Supreme Court's opinion in *Califano v. Jablon, supra*, until February 28, 1978. *See* 43 Fed.Reg. 8126, 8128 (Feb. 28, 1978). Thus the Secretary cannot characterize the claims representative's conduct as being unauthorized.[1]

It is clear that Congress intended those who are substantively eligible for Social Security benefits to receive them. To deny benefits to a qualified applicant on the basis of a procedural defect for which government officials are responsible is to frustrate

---

1. The Social Security Administration Claims Manual does contain a transmittal section, TN § 4064, 4–77, which discusses the effect of *Jablon* on claims for husband's benefits after March, 1977. It is not known whether the District Office at which plaintiff attempted to

apply for benefits in July, 1977 had a copy of this transmittal at that time. Even if it did, plaintiff was not notified of his eligibility for husband's benefits in accordance with the transmittal.

the purpose of the statute. *Hansen v. Harris, supra,* 619 F.2d at 961 (concurring opinion). It is irrelevant that the substantive requirements for 'eligibility changed between the time plaintiff initially visited the Social Security office in July, 1977, and the time he filed a formal application on December 27, 1977 because he filed his application for them before December 1, 1977. For the above–stated reasons, this court finds that plaintiff's application should be deemed filed as of July, 1977.

An appropriate Order accompanies this Opinion.